**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EUGENIO GARCIA-IBARRA,

Petitioner,

vs. No. CIV 23-0108 JB/KRS

GEORGE STEPHENSON, Warden, and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO, Hector H. Balderas,

Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Petitioner Eugenio Garcia-Ibarra's failure to prosecute his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed February 6, 2023 (Doc. 1)("Petition"). The Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Garcia-Ibarra to file a signed Petition and address the $5.00 habeas filing fee. See Order to Cure Deficiencies, filed June 13, 2023 (Doc. 3)("Cure Order"). Because Garcia-Ibarra has not complied with the Cure Order, and having reviewed applicable law and the record, the Court will dismiss this case without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

Garcia-Ibarra is incarcerated and proceeding without the assistance of an attorney. See Petition at 1. The Petition challenges his State convictions for driving while intoxicated. See Petition at 2. The Petition includes a cover sheet, which states that fellow inmate Rick Stallings filed the Petition on behalf of his friend, Garcia-Ibarra. See Petition at 1. The signature block also reflects that Stallings purports to sign Garcia-Ibarra's Petition under oath on Garcia-Ibarra's

behalf. See Petition at 12. Neither party prepaid the $5.00 habeas filing fee or sought leave to proceed in forma pauperis, as 28 U.S.C. § 1915(a) requires. 28 U.S.C. § 1915(a)("[Federal courts] may authorize . . . suit . . . without prepayment of fees . . . by a person who submits an [in forma pauperis] affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.").

The Court referred this matter to Magistrate Judge Sweazea for a Proposed Findings and Recommended Disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed February 22, 2023 (Doc. 2). By the Cure Order entered June 13, 2023, Magistrate Judge Sweazea explains:

> Pro se parties cannot sign documents or prosecute a federal action on behalf of other litigants. As the Tenth Circuit explained, "the competence of a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Amaro v. Att'y Gen. for New Mexico, 781 Fed. App'x 693, 695 (10th Cir. 2019) (affirming dismissal of class action habeas claims because a pro se petitioner cannot represent other inmates).

Cure Order at 1.[1] Magistrate Judge Sweazea therefore fixed a deadline of July 13, 2023, for

[1]A limited exception allows "next friends" to prosecute a habeas proceeding "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990)("Whitmore"). To invoke the exception, however, the petition "must set forth some . . . explanation for the necessity of resorting to the use of a 'next friend.'" such as "inaccessibility, mental incompetence or other disability." Williams v. Boone, No. 98-6357, 1999 WL 34856, at *5 (10th Cir. Jan. 28, 1999)(quoting Whitmore, 495 U.S. at 163-64). Stallings does not provide the required explanation; he merely states Garcia-Ibarra is ignorant of the law and that Garcia-Ibarra authorizes Stallings to file the Petition. See Petition at 12. Such explanation is insufficient to excuse Garcia-Ibarra's failure to file his own Petition, nor does it show Garcia-Ibarra is incapable of drafting and signing his own petition if and when he reviews Stalling's example as a reference copy. See Hollingsworth v. Perry, 570 U.S. 693, 710 (2013)(rejecting argument that "mere authorization to represent a third party's interests is sufficient to confer . . . standing on private parties with no injury of their own"); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(ignorance of the law does not excuse procedurally defective habeas filings); Williams v. Boone, 1999 WL 34856, at *5 (rejecting next friend status where the petitioner was able to sign the petition on his own).

Garcia-Ibarra to: (i) sign and file his own Section 2254 petition; and (ii) prepay the $5.00 habeas filing fee or, alternatively, submit an in forma pauperis motion. See Cure Order at 1-2. The Cure Order warned that the failure to timely comply with both directives -- i.e., file a signed Section 2254 petition and address the $5.00 habeas filing fee -- may result in dismissal of this case without further notice. See Cure Order at 2.

The Clerk's Office mailed a copy of the Cure Order, a reference copy of the Petition, a blank Section 2254 petition, and a blank motion to proceed in forma pauperis to Garcia-Ibarra at the Western New Mexico Correctional Facility in Grants, New Mexico, where he previously was incarcerated. See Staff Notes, filed June 13, 2023. The United States Postal Service returned that mailing as undeliverable with the notation: "No Longer at WNMCF." Returned Mail Envelope, filed June 26, 2023 (Doc. 4). The Clerk's Office remailed the package to Garcia-Ibarra at his new facility -- the Roswell Correctional Center. See Staff Notes, filed June 26, 2023. The USPS did not return that mailing.

The original cure deadline expired on July 13, 2023. See Cure Order at 2. Garcia-Ibarra did not comply with the Cure Order by that deadline or within thirty days of the second mailing to new facility, Roswell Correctional Center. Garcia-Ibarra also has not shown cause for his failure to file a signed Section 2254 petition or to address the $5.00 habeas filing fee. The Court therefore will consider whether to dismiss this matter for failure to prosecute and to comply with Orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002))). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1060 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).

Here, Garcia-Ibarra declined to file a signed 28 U.S.C. § 2254, as Magistrate Judge Sweazea directed. Even if Garcia-Ibarra could authorize Stallings to file a Petition on his behalf,

he has not paid the $5.00 filing fee or filed an in forma pauperis motion, as the Cure Order and 28 U.S.C. § 1915(a) require. See, e.g., Salazar v. Arapahoe Cnty. Det. Facility, 787 F. App'x 542, 542 (10th Cir. 2019)(affirming dismissal where "none of [the plaintiff's] letters addressed [28 U.S.C. § 1915(a)'s requirements] or explained his failure to comply with the ordered deadline");[2] Sheptin v. Corr. Healthcare Mgmt. Contractor Co., 288 F. App'x 538, 540 (10th Cir. 2008)(stating that the "district court did not abuse its discretion by dismissing [the plaintiff's] action without prejudice based upon his failure to comply with" Section 1915(a)); Gonzales v. Bernalillo Cnty. Dist. Ct., 640 F. App'x 759, 762-63 (10th Cir. 2016)(affirming dismissal without prejudice where petitioner "never sent -- or even tried to send -- the district court a certified, inmate account statement for the required six-month period" as Section 1915(a) requires).

Accordingly, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute, failure to comply with the Cure Order, and failure to comply with 28 U.S.C. § 1915(a). See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious, the dismissal will be

---

[2]Salazar v. Arapahoe Cnty. Det. Facility is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Salazar v. Arapahoe Cnty. Det. Facility, Gonzales v. Bernalillo Cnty. Dist. Ct., 640 F. App'x 759 (10th Cir. 2016), Sheptin v. Corr. Healthcare Mgmt. Contractor Co., 288 F. App'x 538 (10th Cir. 2008), DeAtley v. Williams, 782 F. App'x 736 (10th Cir. 2019), and Williams v. Boone, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

without prejudice. To the extent necessary, the Court also will deny a certificate of appealability ("COA") under rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, because the failure to prosecute this case and comply with 28 U.S.C. § 1915(a) is not reasonably debatable. Slack v. McDaniel, 529 U.S. 473, 484 (2000)(establishing that a district court may only issue a COA in habeas cases where "reasonable jurists would find the . . . assessment of the constitutional claims debatable or wrong"). See DeAtley v. Williams, 782 F. App'x 736, 737-38 (10th Cir. 2019)(declining to issue a COA after district court dismissed habeas petition and denied a COA under rule 41).

**IT IS ORDERED** that: (i) the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed February 6, 2023 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

James O. Browning

UNITED STATES DISTRICT JUDGE

*Parties:*

Eugenio Garcia-Ibarra
Hagerman, New Mexico

*Petitioner*